IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PATRICK BREAUX AND ALL OTHERS SIMILARLY SITUATED, *Plaintiffs*, v. ALLIANCE LIFTBOATS, LLC AND THE L/B MIAMI *IN REM*, HER ENGINES, TACKLE, EQUIPMENT, APPURTENANCES, ETC. *Defendant*. | Civil Action No. DISTRICT JUDGE: Hon. MAGISTRATE JUDGE: Hon. |

**COLLECTIVE ACTION COMPLAINT
AND VERIFIED COMPLAINT, *IN REM***

### I.   Nature of This Lawsuit

1. Plaintiff Patrick Breaux brings this lawsuit to recover unpaid overtime wages and other damages from Alliance Liftboats, LLC ("Alliance"), and against the L/B MIAMI *in rem*, under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and under Supplemental Rule C.

### II.   Background

2. Alliance is a liftboat operator, and in that capacity it owns and operates the L/B MIAMI, the L/B DALLAS, the L/B CHARLESTON, and other vessels.

3. A liftboat has multiple roles onboard, and different individuals fulfill different purposes, some of which involve using the liftboat as a means of transportation, and others of which are not.

1

4. Patrick Breaux, for the past thirteen years, has been a crane operator and a cook on vessels and liftboats. Principally, for the past three years, he served as a cook aboard the L/B MIAMI and in that capacity he contributed to the vessel, but he did not, in any way, contribute to the liftboat's operation as a means of transportation.

5. Mr. Breaux and others similarly situated was paid a day rate, irrespective of how many hours he worked.

6. Mr. Breaux slept and lived on the L/B MIAMI, often for weeks at a time, and regularly worked over 40 hours a week.

7. Alliance classified Mr. Breaux and others similarly situated as exempt from state and federal overtime laws and did not pay them overtime when they worked over 40 hours in an individual workweek.

8. Defendant misclassified Mr. Breaux and others similarly situated as exempt from state and federal overtime laws. Defendant maintained that misclassification and continued to pay Mr. Breaux and others similarly situated a day rate following the issuance of *Adams v. All Coast, LLC*, 988 F.3d 203 (5th Cir. 2021), issued on February 11, 2021, at which point Alliance knew or should have known that Mr. Breaux was owed overtime.

9. The services performed by Mr. Breaux included cooking meals for crewmembers and for passengers aboard the L/B DALLAS, the L/B MIAMI, and similar liftboats.

10. Even while not on-tower, Mr. Breaux was still in the service of the vessel, but not related to the navigation of the vessel.

11. The services performed by Mr. Breaux and others similarly situated is non-exempt work.

12. Mr. Breaux brings this action on behalf of himself and other similarly situated liftboat crewmembers who did not navigate the vessel who, due to Alliance's misclassification

scheme, were not paid all earned overtime pay for time they worked in excess of 40 hours in individual workweeks in violation of the FLSA.

### III. Jurisdiction and Venue

13. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law. *See* U.S.C. § 216(b).

14. Venue is proper in this district under 28 U.S.C. § 1391 because Alliance resides in this district and because the events or omissions giving rise to Plaintiff's claims occurred in this district.

15. Venue and jurisdiction are proper as to the L/B MIAMI because the vessel's home port is in this judicial district and because the L/B MIAMI is working within this judicial district.

### IV. The Parties

16. Mr. Breaux worked for Alliance in the state of Louisiana, and in Louisiana territorial waters, for in excess of thirteen years, terminating in or around December of 2023.

17. During his employment, Mr. Breaux was an employee of Alliance as defined by the FLSA in 29 U.S.C. § 203(e).

18. During his employment, Alliance was Mr. Breaux's employer as defined under the FLSA in § 203(d).

19. Mr. Breaux is a resident of the State of Louisiana.

20. Alliance maintains its headquarters at 11095 LA-308, Larose, LA 70373.

21. Alliance is an "enterprise" as defined by the FLSA in 29 U.S.C. § 203(r)(1).

22. Alliance is an enterprise engaged in commerce or in the production of goods for commerce as defined by the FLSA in 29 U.S.C. § 203(s)(1)(A).

23. Alliance has more than $500,000 in sales made or business done in each of the last three calendar years.

24. The L/B MIAMI is a 265' Liftboat, with a port of registry in New Orleans, Louisiana, IMO 8770895, built in 2009. It has accommodations for 10 crewmembers and 36 transit passengers.

25. The L/B MIAMI is and reasonably will be within this judicial district during the pendency of this litigation.

### V.  Factual Allegations

26. For the past three years, Mr. Breaux worked as a cook aboard the L/B MIAMI and briefly aboard other vessels, including the L/B DALLAS.

27. During his employment, Mr. Breaux served as a cook, feeding not only the crewmembers on the vessel but also passengers on the vessel.

28. During his employment, Mr. Breaux's job duties were routine and rote and did not include the exercise of discretion and judgment with respect to matters of significance.

29. Mr. Breaux worked twelve hours a day during his hitches, and as a matter of course, every hitch (many of which would last weeks), Alliance suffered or permitted Mr. Breaux to work over 40 hours in one or more individual workweeks in the last three (3) years.

30. Alliance classified Mr. Breaux as exempt from the overtime provisions of the FLSA on the basis that he was a Jones Act Seaman.

31. While Mr. Breaux is a Jones Act seaman for some purposes, his work did not serve the vessels' operation as a means of transportation. Because Mr. Breaux performed non-exempt work, Alliance should have classified her as non-exempt.

32. When Mr. Breaux worked over 40 hours in individual workweeks, Alliance did not pay her overtime at one-and-one-half his her regular rate of pay.

## VI. Collective Action Allegations

33. Plaintiff brings his FLSA claims as a collective action.

34. Plaintiff's consent form to participate in this collective action is attached to this Complaint as Exhibit A.

35. The collective action is defined as follows:

All individuals employed by Alliance Liftboats, LLC and/or Helix Energy Solutions and crewmembers of the following vessels: L/B GALVESTON; L/B LAFAYETTE; L/B NEW ORLEANS, L/B HOUSTON; L/B MEMPHIS; L/B NASHVILLE; L/B CHARLESTON; L/B MIAMI; and L/B DLLAS for the last three years, whose work did not serve the vessels' operation as a means of transportation, yet were classified as exempt from overtime ("Collective Action Members").

36. Mr. Breaux is similarly situated to the potential Collective Action Members because they were paid in the same manner and performed the same primary job duties.

37. In the last three years, Alliance has employed individuals who performed the same primary duties as the Plaintiff.

38. Of Alliance's employees who performed the same primary job duties as Mr. Breaux in the last three years, Alliance classified some or all as exempt from the overtime provisions of the FLSA and paid them a day rate.

39. Of employees classified as exempt and who performed the same primary duties as Mr. Breaux in the last three years, some or all worked over 40 hours in individual workweeks.

40. Alliance maintained one or more common job descriptions for liftboat crewmembers.

41. Alliance has the names and addresses for potential Collective Action Members in its payroll or personnel records.

42. Alliance has email addresses for potential Collective Action Members in its payroll or personnel records.

43. Alliance has phone numbers for potential Collective Action Members in its payroll or personnel records.

44. Alliance is aware or should have been aware that the FLSA required it to pay potential Collective Action Members overtime. Specifically, on February 11, 2021, the United States Court of Appeals for the Fifth Circuit entered judgment, holding that crane operators on liftboats are entitled to overtime, as are all crewmembers on liftboats. The Fifth Circuit specifically found that cooks on liftboats are not engaged primarily in aid of the operation of the vessel as a means of transportation, unless they spend 80% or more of their time cooking for crewmembers who in turn are aiding the operation of the vessel as a means of transportation. Alliance has flaunted this holding.

## VII. COUNT I
### Failure to Pay Overtime
### (Collective Action)

45. Mr. Breaux incorporates here the previous allegations of this Complaint.

46. Alliance violated the FLSA by failing to pay overtime to Mr. Breaux and the Collective Action Members when they worked over 40 hours in individual workweeks.

47. Mr. Breaux was not exempt from the overtime provisions of the FLSA.

48. Collective Action Members were not exempt from the overtime provisions of the FLSA.

49. Mr. Breaux was directed by Alliance to work, and did work, over 40 hours in one or more individual workweeks.

50. Other Collective Action Members were directed to work, and did work, over 40 hours in one or more individual workweeks.

51. Alliance paid Mr. Breaux a day rate and no overtime compensation.

52. Alliance paid other Collective Action Members a day rate and no overtime compensation.

53. Alliance violated the FLSA by failing to pay overtime to Mr. Breaux at one-and-one-half times his regular rate of pay when he worked over 40 hours in one or more individual workweeks.

54. Alliance violated the FLSA by failing to pay overtime to other Collective Action Members at one-and-one-half times their regular rates of pay when they worked over 40 hours in one or more individual workweeks.

55. Alliance's violations of the FLSA were willful.

56. As a result, Alliance is indebted to Mr. Breaux and the Collective Action Members in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## VIII.  COUNT II
### In Rem action against the L/B MIAMI

57. The L/B MIAMI is a vessel in navigation, and both Mr. Breaux and certain of the Collective Action Members served as crewmembers on the vessel.

58. Patrick Breaux brings this action against the L/B MIAMI *in rem*, pursuant to Supplemental Rule C to enforce a maritime lien that arose out of Mr. Breaux's work on the vessel.

59. Mr. Breaux has a cause of action against the L/B MIAMI as a crewmember of the vessel for overtime, and this cause of action is in preference to any other cause of action against the vessel save only *custodia legis* expenses.

60. In the alternative, Mr. Breaux has a cause of action against the L/B MIAMI for the provision of necessaries to the vessel, to the extent any overtime would not be considered wages.

61.     The provision of overtime work to the L/B MIAMI gives rise to a maritime lien, and the right to arrest the vessel pursuant to Supplemental Admiralty Rule C.

## IX.     Prayer

**WHEREFORE**, Plaintiff, on behalf of herself and the Collective Action Members, seeks the following relief:

A.     That, at the earliest possible time, Plaintiff be allowed to give notice to the Collective Action Members.  Such notice shall inform the Collective Action Members that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.  Unpaid overtime wages pursuant to the FLSA;

C.  Liquidated damages in additional amount equal to the unpaid overtime wages;

D.  Pre-judgment and post-judgment interest as provided by law;

E.  Attorneys' fees and costs of the action; and

F.  Such other and further relief this Court shall deem just and proper.

G.  That process in due form of law according to the rules and practice of this Court in causes of maritime and admiralty jurisdiction issue against the L/B MIAMI, its engines, tackle, etc, *in rem*, citing all persons claiming any interest to appear and answer on oath to each of the allegations stated above;

H.  That this Court order and adjudge that the L/B MIAMI, its engines, tackle, etc. *in rem* be arrested, condemned and sold to pay the demand, with pre- and post-judgment interest, costs, and attorney's fees;

I.  That judgment be entered in favor of Patrick Breaux for the amount of his damages, plus interest, prejudgment interest, costs and reasonable attorneys' fees.

Date: April 19, 2024

All of which is respectfully submitted,

/s/ *Cayce Peterson*

Cayce C. Peterson (La. Bar No. 32217)
Jeffrey P. Green (La. Bar No. 30531)
Joseph B. Marino, III (La. Bar No. 29966)
**JJC Law LLC**
111 Veterans Memorial Blvd.
Heritage Plaza, Suite 810
Metairie, LA 70005
Phone: 504-513-8820
Fax: 504-513-8824
cayce@jjclaw.com
jeff@jjclaw.com
josh@jjclaw.com

Counsel for Plaintiffs, Patrick Breaux, and all others similarly situated.