UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK BREAUX, et al.**<br>　　　　　　　　Plaintiffs,<br><br>v.<br><br>**ALLIANCE LIFTBOATS, LLC, et al.**<br>　　　　　　　　Defendants. | CIVIL ACTION NO.: 2:24-cv-01000<br><br>JUDGE SUSIE MORGAN<br><br>MAGISTRATE JUDGE KAREN WELLS ROBY |

## ANSWER & AFFIRMATIVE DEFENSES

**NOW INTO COURT**, through undersigned counsel, comes Defendant Alliance Liftboats, LLC ("Defendant"), and appearing solely for the purpose of this pleading, reserving all rights, motions and defenses and without waiver thereof, respectfully submits this Answer & Affirmative Defenses to the claims asserted against it by Plaintiff, Patrick Breaux ("Plaintiff").

### I.   NATURE OF THIS LAWSUIT

1. The allegations in paragraph 1 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

### II.   BACKGROUND

2. Admitted.

3. Denied as written.

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Denied.

10. Denied.

11. The allegations in paragraph 11 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

12. The allegations in paragraph 12 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

### III. JURISDICTION AND VENUE

13. The allegations in paragraph 13 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

14. The allegations in paragraph 14 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

15. The allegations in paragraph 15 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

### IV. THE PARTIES

16. Denied.

17. The allegations in paragraph 17 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

18. The allegations in paragraph 18 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

19. Defendant lacks sufficient knowledge to admit or deny the allegations stated in paragraph 19. Accordingly, the allegations set forth in paragraph 19 are denied.

20. Admitted.

21. The allegations in paragraph 21 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

22. The allegations in paragraph 22 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

23. Denied.

24. Admitted.

25. The allegations in paragraph 25 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

## V. FACTUAL ALLEGATIONS

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. The allegations in paragraph 31 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

32. Denied.

## VI. COLLECTIVE ACTION ALLEGATIONS

33. The allegations in paragraph 33 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

34. Defendant denies the allegations set forth in paragraph 34 to the extent the allegations differ from the contents of Exhibit A to Plaintiff's Complaint.

35. The allegations in paragraph 35 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

36. The allegations in paragraph 36 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

37. Denied as written.

38. Denied as written.

39. Denied as written.

40. Denied as written.

41. Denied as written.

42. Denied as written.

43. Denied as written.

44. The allegations in paragraph 44 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

### VII.   COUNT I

### FAILURE TO PAY OVERTIME
### (COLLECTIVE ACTION)

45. Defendant incorporates here the previous denials of this Answer.

46. The allegations in paragraph 46 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

47. The allegations in paragraph 47 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

48. The allegations in paragraph 48 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

49. Denied as written.

50. Denied as written.

51. Denied.

52. Denied.

53. The allegations in paragraph 53 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

54. The allegations in paragraph 54 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

55. Denied.

56. The allegations in paragraph 56 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

## VIII.   COUNT II

## IN REM ACTION AGAINST THE L/B MIAMI

57. The allegations in paragraph 57 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

58. The allegations in paragraph 58 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

59. The allegations in paragraph 59 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

60. The allegations in paragraph 60 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

61. The allegations in paragraph 61 set forth legal conclusions that require no response. To the extent a response is required to the allegations, the allegations are denied.

## IX.   PRAYER

Defendant expressly denies Plaintiff is entitled to any damages, including those sought in the paragraph and subparagraphs entitled "PRAYER."

## DEFENDANT'S AFFIRMATIVE DEFENSES

By setting forth these defenses, Defendant does not assume the burden of proving any fact, issue, or element of a cause of action where such burden properly belongs to Plaintiff.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to state facts sufficient to constitute any cause of action and/or claim or demand against Defendant upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim against Defendant upon which an award of compensatory, liquidated and/or punitive damages may be granted.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is not an appropriate representative of the proposed class due to a lack of typicality or commonality with the claims of the proposed class members.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of unclean hands, waiver, estoppel, and/or laches or by virtue of his own acts, omissions, fault, dereliction, and/or negligence.

### FIFTH AFFIRMATIVE DEFENSE

This Court lacks jurisdiction over the subject matter of the complaint and over the vessel in question.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff, and other similarly situated employees, are exempt from overtime pay

requirements under the FLSA due to the nature of their employment.

### SEVENTH AFFIRMATIVE DEFENSE

Certain potential collective action members are not employees under the FLSA but are independent contractors and are, therefore, not entitled to the protections of the FLSA.

### EIGHTH AFFIRMATIVE DEFENSE

All compensable time has been appropriately accounted for and compensated in accordance with the FLSA.

### NINTH AFFIRMATIVE DEFENSE

Defendant expressly pleads offset as it relates to any amounts which Plaintiff alleges he is owed (which amounts are expressly denied by Defendant).

### TENTH AFFIRMATIVE DEFENSE

Assuming Plaintiff is able to prove his claims (which is expressly denied), Defendant acted in good faith, on reasonable grounds, and with legal cause.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendant expressly reserves the right to file and assert any other denials and defenses or assert further affirmative defenses that are or may become available or appear during the subsequent proceedings in this action, or as may be established during discovery and/or by the evidence in this case. Defendant further reserves its right to amend this Answer to assert such defenses upon discovery of further information regarding Plaintiff's purported individual, collective action, and/or *in rem* claims.

**WHEREFORE**, Defendant Alliance Liftboats, LLC, prays that its Answer and Affirmative Defenses be deemed good and sufficient and, after due proceedings are had, that there be judgment issued in its favor dismissing all of Plaintiff's allegations and claims, as well as

Plaintiff's Demands, with prejudice, at Plaintiff's cost, and awarding to Defendant reasonable attorneys' fees and costs, and for all general and/or equitable relief to which Defendant is justly entitled.

                                  Respectfully submitted,

                                  **PHELPS DUNBAR LLP**

                                BY:   */s/ Stephanie M. Poucher*
                                         David M. Korn (Bar #21676)
                                         Stephanie M. Poucher (Bar #37263)
                                         Canal Place | 365 Canal Street, Suite 2000
                                         New Orleans, Louisiana 70130
                                         Telephone: 504 566 1311
                                         Facsimile: 504 568 9130
                                         Email: kornd@phelps.com
                                         Email: pouchers@phelps.com

                                **ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

      I hereby certify that on this 14th day of June, 2024, I filed the foregoing with the Clerk of Court by using the CM/ECF system which sends copies of the Pleadings to all involved parties through electronic mail.

                                              */s/ Stephanie M. Poucher*