UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK BREAUX,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-1000** |
| **ALLIANCE LIFTBOATS, LLC, ET AL.,**<br>    **Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

On April 19, 2024, Plaintiff Patrick Breaux filed this collective action, asserting that he and other similarly situated individuals were misclassified under the Fair Labor Standards Act ("FLSA") by his Defendant employer, Alliance Liftboats, LLC.[1] Plaintiff alleges he and other similarly situated employees were misclassified as seamen and, as a result, their employer improperly considered them exempt from state and federal overtime laws and denied them overtime pay.[2] Defendants deny Plaintiff's allegations and assert that Plaintiff and other similarly situated employees have not been misclassified.[3] Defendants argue Plaintiff and other employees are exempt from overtime pay under the FLSA due to the nature of their employment.[4]

The Court's Scheduling Order set a status conference for September 4, 2024, for the purpose of "identify[ing] what facts and legal considerations will be material for determining whether the group of employees is 'similarly situated' for purposes of a collective action under the Fair Labor Standards Act and authoriz[ing] preliminary discovery accordingly."[5] In preparation for the status conference, the Scheduling Order

---

[1] R. Doc. 1.
[2] *Id.* at p. 2.
[3] R. Doc. 7, pp. 6-7.
[4] *Id.*
[5] R. Doc. 11, p. 3.

1

instructed that "Plaintiff's counsel shall provide the Court with a letter setting out what preliminary discovery counsel thinks is necessary for the 'similarly situated' inquiry."[6] Additionally, within three days of receipt of the letter, "Defense counsel shall provide the Court with a letter in the same manner responding to the preliminary discovery proposed by Plaintiff's counsel."[7] Plaintiff timely submitted his letter to the Court on August 27, 2024. Defendants timely submitted their letter on August 30, 2024.

In his letter, Plaintiff argued that preliminary discovery should involve the determination of seaman status under the FLSA for Defendant's employees working on Alliance liftboats during the relevant time period. Plaintiff further submitted

> that the "similarly situated" inquiry involves the identity of those individuals working on Alliance liftboats, either as cooks, crane operators or other employees assigned to the Alliance liftboats, in the time period subject to the FLSA: 2021, 2022, 2023, and 2024. The discovery necessary for this determination is primarily written discovery including vessel logs, persons on board logs, individual payroll/income records for the Alliance employees, job descriptions, daily work logs, and other similar documentation [of] what Alliance employees assigned to Alliance liftboats were doing when and what the status of the vessels was at during those times, over the course the relevant [four year] period.

Defendants argued that Plaintiff's preliminary discovery plan was "impermissibly broad," and that the discovery plan should be limited to "whether Plaintiff is similarly situated to 'cook[s] aboard the L/B MIAMI,' whose primary duties, like Plaintiff, 'included cooking meals for crewmembers and for passengers,' and were subject to the same 'payment provisions' that Plaintiff contends he was. Defendants argued that Plaintiff inappropriately seeks discovery on all Alliance employees over a four-year period, which is beyond the scope of discovery needed for the similarly situated inquiry.

---

[6] *Id.*
[7] *Id.* Both letters were emailed to the Court. The letters are attached to this Order as attachment 1 (Plaintiff's letter) and attachment 2 (Defendants' letter).

The Fifth Circuit case, *Swales v. KLLM Transport Services*, is directly on point.[8] In *Swales*, the Fifth Circuit held that a district court must identify "at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly."[9] The Fifth Circuit recognized that the amount of preliminary discovery needed may vary depending on the facts and circumstances of the plaintiffs' employment situations: where plaintiffs hold similar employment positions, "a district court will not likely need mountains of discovery," but in other cases, "where Plaintiffs have demonstrably different work experiences, the district court will necessarily need more discovery . . . ."[10] A district court is to "consider all of the available evidence," and the court has "broad, litigation-management discretion" to regulate discovery to determine "whether and to whom notice should be issued."[11]

In this matter, Plaintiff brings this collective action on behalf of himself and other similarly situated employees who did not navigate any Alliance liftboats, who were misclassified as exempt employees, and who were not paid earned overtime pay in violation of the FLSA.[12] Plaintiff's proposed collective action class definition includes:

> *All individuals employed by Alliance Liftboats, LLC and/or Helix Energy Solutions and crewmembers of the following vessels: L/B GALVESTON; L/B LAFAYETTE; L/B NEW ORLEANS, L/B HOUSTON; L/B MEMPHIS; L/B NASHVILLE; L/B CHARLESTON; L/B MIAMI; and L/B DLLAS for the last three years, whose work did not serve the vessels' operation as a means of transportation, yet were classified as exempt from overtime ("Collective Action Members").*[13]

---

[8] *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430 (5th Cir. 2021).
[9] *Id.* at 441.
[10] *Id.* at 441-42.
[11] *Id.* at 442-43.
[12] R. Doc. 1, pp. 2-3.
[13] *Id.* at p. 5.

3

In determining the scope of the discovery plan in this matter, guided by *Swales*, the Court must consider all the evidence necessary to determine the extent to which Plaintiff is similarly situated to other employees.[14] The evidence discovered will guide the Court's determination of whether this action should be litigated collectively.[15] The discovery plan should broadly allow for discovery of the identities of all Alliance liftboat employees and their job duties in order to evaluate whether any or all of the employees are similarly situated to Plaintiff.[16] The Court will adopt Plaintiff's proposed discovery plan.

The Court adheres to *Swales'* instruction "that district courts should rigorously enforce [the FLSA's similarly requirement] at the outset of the litigation."[17] The Court finds that allowing for a broad scope of discovery at this stage of litigation furthers this objective. As the Court continues to "consider[] all available evidence," it reserves the right to decide whether further discovery is needed or not and to act accordingly based on the "broad, litigation-management discretion.[18]

Accordingly;

---

[14] *Swales*, 985 F.3d at 442.
[15] *Id.* ("Considering, early in the case, whether merits questions can be answered collectively has nothing to do with endorsing the merits. Rather, addressing these issues from the outset aids the district court in deciding whether notice is necessary. . . . When a district court ignores that it can decide merits issues when considering the scope of a collective, it ignores the 'similarly situated' analysis and is likely to send notice to employees who are not potential plaintiffs.").
[16] *Id.* ("[When] the plaintiffs all have the same job description, and the allegations revolve around the same aspect of that job . . . . a district court will not likely need mountains of discovery to decide whether notice is appropriate. In another case . . . where Plaintiffs have demonstrably different work experiences, the district court will necessarily need more discovery to determine whether notice is going out to those "similarly situated.").
[17] *Id.* at 443.
[18] *Id.*

**CONCLUSION**

**IT IS ORDERED** that the Plaintiff may conduct discovery on the identity of those individuals working on Alliance liftboats, either as cooks, crane operators or other employees, and the nature of their work performed, in the time period subject to the FLSA: 2021, 2022, 2023, and 2024, including written discovery such as individual payroll/income records for the Alliance employees, job descriptions, and the production of documents such as vessel logs, persons on board logs, daily work logs, as well as other similar documentation needed to show what work Alliance employees assigned to Alliance liftboats were doing and when and what the status of the vessels was during those times.[19]

**New Orleans, Louisiana, this 5th day of September, 2024.**

                                                  **SUSIE MORGAN**
                                 **UNITED STATES DISTRICT JUDGE**

---

[19] The Court reserves the right to modify the scope of the discovery plan as needed. In accordance with this Court's September 4, 2024 Minute Entry, located at Record Document 12, the parties are to exchange and confer on proposed written discovery requests prior to the October 10, 2024 status conference in this matter.