UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK BREAUX,**<br>　**Plaintiff** | **CIVIL DOCKET** |
| **VERSUS** | **NO. 24-1000** |
| **ALLIANCE LIFTBOATS, LLC,**<br>**ET AL.,**<br>　**Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is Defendant Alliance Liftboats LLC's ("Defendant") Motion for Summary Judgment.[1] Plaintiff Patrick Breaux filed an opposition.[2] Defendant filed a reply.[3] The Court held oral argument on the instant motion on August 20, 2025.[4]

## BACKGROUND

On April 19, 2024, Plaintiff filed this suit to recover unpaid overtime wages from Defendant Alliance Liftboats, LLC and against the L/B MIAMI in rem under the Fair Labor Standards Act ("FLSA").[5] Plaintiff alleges he worked as a cook aboard the L/B MIAMI for the past three years,[6] and, as a cook, "was paid a day rate," regardless of the number of hours he worked in a week.[7] Plaintiff alleges he "regularly worked over 40 hours in a week."[8] Plaintiff alleges Defendant misclassified him as exempt from state and federal overtime law and did not pay him overtime wages.[9]

Plaintiff seeks to certify a collective action defined as:

---

[1] R. Doc. 20.
[2] R. Doc. 22.
[3] R. Doc. 25.
[4] R. Doc. 30.
[5] R. Doc. 1.
[6] *Id.* at ¶ 26.
[7] *Id.* at ¶ 5.
[8] *Id.* at ¶¶ 6, 29.
[9] *Id.* at ¶¶ 8, 30-32.

1

> All individuals employed by Alliance Liftboats, LLC and/or Helix Energy Solutions and crewmembers of the following vessels: L/B GALVESTON; L/B LAFAYETTE; L/B NEW ORLEANS, L/B HOUSTON; L/B MEMPHIS; L/B NASHVILLE; L/B CHARLESTON; L/B MIAMI; and L/B DLLAS for the last three years, whose work did not serve the vessels' operation as a means of transportation, yet were classified as exempt from overtime.[10]

In the Court's Scheduling Order, the Court stated that at the September 4, 2024 status conference, the Court would "identify what facts and legal considerations will be material for determining whether the group of employees is 'similarly situated' for purposes of a collective action under the Fair Labor Standards Act and authorize preliminary discovery accordingly."[11] Following the September 4, 2024 status conference, the Court entered an Order and Reasons permitting Plaintiff to conduct discovery with respect to the individuals that fit the definition of the collective action proposed in Plaintiff's complaint.[12] On April 21, 2024, the Court ordered that Plaintiff's motion to certify a collective action and Defendant's Motion for Summary Judgment be filed in sufficient time to permit a submission date on or before June 4, 2025.[13]

On May 19, 2025, Plaintiff filed a Motion to Certify Collective Action.[14] On May 20, 2025, Defendant filed the instant Motion for Summary Judgment.[15] Defendant seeks summary judgment that Plaintiff is exempt from the FLSA's overtime provisions because he is a "seaman" under the FLSA.[16]

---

[10] *Id.* at ¶ 35; R. Doc. 19; R. Doc. 19-1 at pp. 4-5.
[11] R. Doc. 11 at p. 3.
[12] R. Doc. 1 at ¶ 35; R. Doc. 13.
[13] R. Doc. 18.
[14] R. Doc. 19.
[15] R. Doc. 20.
[16] *Id.1*

## **SUMMARY JUDGMENT STANDARD**

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[17] "An issue is material if its resolution could affect the outcome of the action."[18] When assessing whether a material factual dispute exists, the Court considers "all of the evidence in the record but refrain[s] from making credibility determinations or weighing the evidence."[19] All reasonable inferences are drawn in favor of the nonmoving party.[20] There is no genuine issue of material fact if, even viewing the evidence in the light most favorable to the nonmoving party, no reasonable trier of fact could find for the nonmoving party, thus entitling the moving party to judgment as a matter of law.[21]

If the dispositive issue is one for which the moving party will bear the burden of persuasion at trial, the moving party "must come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[22] If the moving party fails to carry this burden, the motion must be denied. If the moving party successfully carries this burden, the burden of production then shifts to the nonmoving party to direct the Court's attention to something in the pleadings or other evidence in the record setting forth specific facts sufficient to establish that a genuine issue of material fact does indeed exist.[23]

---

[17] FED. R. CIV. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).
[18] *DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005).
[19] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *see also Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150-51 (2000).
[20] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[21] *Smith v. Amedisys, Inc.*, 298 F.3d 434, 440 (5th Cir. 2002).
[22] *Int'l Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1263-64 (5th Cir. 1991) (quoting *Golden Rule Ins. Co. v. Lease*, 755 F. Supp. 948, 951 (D. Colo. 1991)).
[23] *Celotex*, 477 U.S. at 322-24.

On the other hand, if the dispositive issue is one on which the nonmoving party will bear the burden of persuasion at trial, the moving party may satisfy its burden of production by either (1) submitting affirmative evidence that negates an essential element of the nonmovant's claim, or (2) demonstrating there is no evidence in the record to establish an essential element of the nonmovant's claim.[24] When proceeding under the first option, if the nonmoving party cannot muster sufficient evidence to dispute the movant's contention that there are no disputed facts, a trial would be useless, and the moving party is entitled to summary judgment as a matter of law.[25] When, however, the movant is proceeding under the second option and is seeking summary judgment on the ground that the nonmovant has no evidence to establish an essential element of the claim, the nonmoving party may defeat a motion for summary judgment by "calling the Court's attention to supporting evidence already in the record that was overlooked or ignored by the moving party."[26] Under either scenario, the burden then shifts back to the movant to demonstrate the inadequacy of the evidence relied upon by the nonmovant.[27] If the movant meets this burden, "the burden of production shifts [back again] to the nonmoving party, who must either (1) rehabilitate the evidence attacked in the moving party's papers, (2) produce additional evidence showing the existence of a genuine issue

---

[24] *Id.* at 331-32 (Brennan, J., dissenting); *see also St. Amant v. Benoit*, 806 F.2d 1294, 1297 (5th Cir. 1987) (citing Justice Brennan's statement of the summary judgment standard in *Celotex*, 477 U.S. at 322-24, and requiring the Movers to submit affirmative evidence to negate an essential element of the nonmovant's claim or, alternatively, demonstrate the nonmovant's evidence is insufficient to establish an essential element); *Fano v. O'Neill*, 806 F.2d 1262, 1266 (5th Cir. 1987) (citing Justice Brennan's dissent in *Celotex*, and requiring the movant to make an affirmative presentation to negate the nonmovant's claims on summary judgment); 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2727.1 (2016) ("Although the Court issued a five-to-four decision, the majority and dissent both agreed as to how the summary-judgment burden of proof operates; they disagreed as to how the standard was applied to the facts of the case." (internal citations omitted)).
[25] *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 288-89 (1980); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986).
[26] *Celotex*, 477 U.S. at 332-33.
[27] *Id.*

for trial as provided in Rule 56(e), or (3) submit an affidavit explaining why further discovery is necessary as provided in Rule 56(f)."[28] "Summary judgment should be granted if the nonmoving party fails to respond in one or more of these ways, or if, after the nonmoving party responds, the court determines that the moving party has met its ultimate burden of persuading the court that there is no genuine issue of material fact for trial."[29]

Still, "unsubstantiated assertions are not competent summary judgment evidence. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports the claim. 'Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment.'"[30]

## LAW AND ANALYSIS

### I. The Defendant has not met its summary judgment burden.

The Court turns to the applicable law to discern whether Defendant has met its summary judgment burden to "come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[31] In this case, Plaintiff's claim for unpaid overtime wages falls under the FLSA.[32] "The FLSA's baseline requirement is that any employee who works 'longer than forty hours' in a workweek must be compensated 'at a rate not less than one and one-half times the regular rate at which

---

[28] *Id.* at 332-33 & n.3.
[29] *Id.*; *see also First Nat'l Bank of Ariz.*, 391 U.S. at 289.
[30] *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (first citing *Celotex*, 477 U.S. at 324; then *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994); then quoting *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).
[31] *Rally's, Inc.*, 939 F.2d at 1263-64 (quoting *Lease*, 755 F. Supp. at 951).
[32] R. Doc. 1.

5

he is employed.'"[33] "An employee is not protected by this broad prohibition, however, if he falls within an exemption from statutory coverage."[34] One of the FLSA's exemptions applies to "any employee employed as a seaman."[35] "An employer has the burden of proving that its employees stand outside of this Act's very broad protection."[36]

The FLSA does not define the term "seaman."[37] The United States Court of Appeals for the Fifth Circuit has formulated a two-part test to determine whether an individual is an FLSA-exempt seaman based on the Department of Labor's ("DOL") regulations. Under this test, "an employee is a seaman if: "(1) the employee is subject to the authority, direction, and control of the master; and (2) the employee's service is primarily offered to aid the vessel as a means of transportation, provided that the employee does not perform a substantial amount of different work."[38] "The regulations provide that work other than seaman work becomes substantial if it occupies more than 20 percent of the time worked by the employee during the workweek."[39]

For the Defendant to meet its summary judgment burden, the Defendant "must come forward with evidence" as to the facts pertinent to the Fifth Circuit's two-part test to determine whether an individual is an FLSA-exempt seaman such as "would 'entitle it to a directed verdict if the evidence went uncontroverted at trial'"[40] First, Defendant must show it is undisputed that Plaintiff "is subject to the authority, direction, and control of

---

[33] *Adams v. All Coast, L.L.C.* ("*Adams II*"), 15 F.4th 365, 369 (5th Cir. 2021) (quoting 29 U.S.C. § 207(a)(1)).
[34] *Coffin v. Blessey Marine Servs., Inc.*, 771 F.3d 276, 279 (5th Cir. 2014) (*Meza v. Intelligent Mexican Mktg., Inc.*, 720 F.3d 577, 580-81 (5th Cir. 2013)).
[35] 29 U.S.C. § 213(b)(6).
[36] *Martin v. Bedell*, 955 F.2d 1029, 1035 (5th Cir. 1992) (citing *Idaho Sheet Metal Works, Inc. v. Wirtz*, 383 U.S. 190 (1966)).
[37] *Coffin*, 771 F.3d at 279.
[38] *Adams*, 15 F.4th at 369 (citing *Coffin*, 771 F.3d at 279).
[39] *Coffin*, 771 F.3d at 279-80 (citing 29 C.F.R. § 783.37).
[40] *Rally's, Inc.*, 939 F.2d at 1263-64 (quoting *Lease*, 755 F. Supp. at 951); FED. R. CIV. P. 56; *see also Celotex*, 477 U.S. at 322-23.

the master."[41] Second, Defendant must show it is undisputed that the work Plaintiff performs "is primarily offered to aid the vessel as a means of transportation."[42] Third, Defendant must show it is undisputed that Plaintiff does not "perform a substantial amount of" work that is not primarily offered to aid the vessel as a means of transportation.[43] In this case, it is Defendant's burden as movant to come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial'" that (1) Plaintiff is subject to the authority, direction, and control of the liftboat's captain, (2) Plaintiff's work as a cook aids the liftboat as a means of transportation, and (3) Plaintiff does not perform a substantial amount of other work that does not aid the liftboat as a means of transportation.[44] Only if this burden is met would it be appropriate for the Court to grant summary judgment that Plaintiff is an FLSA-exempt seaman as a matter of law.

The first element of the Fifth Circuit's test for whether an individual is an FLSA-exempt seaman is undisputed. It is undisputed that Defendant's employees are "subject to the direct supervision of the vessel's captain, and live, eat, sleep, and work aboard the vessel for the duration of their hitch assignments."[45]

The Court finds the second element of the Fifth Circuit's test for whether an individual is an FLSA-exempt seaman is in dispute. Defendant argues it is undisputed that the work its employees perform on its liftboats is consistent with the operational needs of the vessel and imperative to the vessel's ability to safely transport people and

---

[41] *Adams*, 15 F.4th at 369 (citing *Coffin*, 771 F.3d at 279).
[42] *Id.*
[43] *Id.*
[44] *Rally's, Inc.*, 939 F.2d at 1263-64 (quoting *Lease*, 755 F. Supp. at 951); *Adams*, 15 F.4th at 369 (citing *Coffin*, 771 F.3d at 279).
[45] R. Doc. 20-2 at ¶ 11 (citing R. Doc. 20-3 at ¶ 5); R. Doc. 22-1 at ¶ 11.

equipment.[46] Plaintiff disputes this.[47] The Defendant's statement of undisputed material facts in support of its Motion for Summary Judgment does not contain references to evidence that supports this assertion.[48]

The Fifth Circuit's opinion in *Adams v. All Coast L.L.C.* explains why this omission is fatal to Defendant's Motion for Summary Judgment.[49] In *Adams I*, the United States District Court for the Western District of Louisiana analyzed whether liftboat crane operators and liftboat cooks qualify for the FLSA's seaman exemption.[50] The *Adams I* plaintiff filed a "collective action on behalf of himself and others employed on [the defendant's] fleet of liftboats."[51] Although the defendant hired the "plaintiffs to serve in various maritime jobs, the employees claim[ed] they spent most of their time . . . using cranes attached to the boats to move their customers' equipment on and off the boats, the docks, and the offshore oil rigs."[52] "During the periods when they were underway, the crew performed only the nautical duties . . . . But when the liftboats were jacked up, the crew spent more time operating the cranes than performing their nautical tasks."[53] Based on deposition testimony, "the [*Adams I*] court found that [the plaintiffs] 'spent between 25% and 90% of their day operating the crane' 'to transport personnel, supplies, and equipment back and forth between the liftboat and the dock, the liftboat and the worksite platform, the liftboat and other vessels, and within the liftboat itself.'"[54]

---

[46] R. Doc. 20-2 at ¶ 10 (citing R. Doc. 20-3 at ¶ 13).
[47] R. Doc. 22-1 at ¶ 10 (citing R. Doc. 19-3).
[48] R. Doc. 20-2.
[49] 15 F.4th 365.
[50] *Adams v. All Coast, LLC* ("*Adams I*"), 420 F. Supp. 3d 509 (W.D. La. 2019), *rev'd and remanded sub nom. Adams II*, 15 F.4th 365.
[51] *Adams II*, 15 F.4th at 367.
[52] *Id.*
[53] *Id.* at 371 (internal footnote omitted).
[54] *Id.* at 370.

The *Adams I* court granted summary judgment and held the plaintiffs were seamen exempt from the FLSA.[55] The *Adams I* court held the crane operators "were exempt seamen because the liftboat crane operation was a 'service which is rendered primarily as an aid in the operation of such vessel as a means of transportation.'"[56] The *Adams I* court further "found that the cooks were exempt seamen because [the defendant's] crew members ate at every meal the cooks prepared."[57]

In *Adams II*, the Fifth Circuit disagreed with the *Adams I* court's holding on the seaman status of the crane operators and held "that the plaintiffs' crane operation was not seaman work for purposes of the FLSA exemption" because crane operation does not aid a liftboat as a means of transportation.[58] As a result, the liftboat crane operators were not seaman exempt from the FLSA because, "when the liftboats were jacked up, the crew spent more time operating the cranes than performing their nautical tasks."[59] In other words, the crane operators spent a substantial amount of time doing industrial work that did not aid the vessel as a means of transportation.[60]

The Fifth Circuit further held the defendant "was not entitled to summary judgment as to the cooks either."[61] First, the Fifth Circuit explained that whether a cook is a seaman exempt from the FLSA depends on whether or not the cook is feeding FLSA seaman.[62] If the cook is feeding FLSA seamen, then the cook is an FLSA seaman.[63] If not,

---

[55] *Id.* at 368.
[56] *Id.* (quoting 29 C.F.R. § 783.31).
[57] *Id.*
[58] *Id.* at 375.
[59] *Id.* at 371-76.
[60] *Id.*
[61] *Id.* at 376.
[62] *Id.* In the district court, it appears the defendant argued only that the cooks were seaman because they cooked for seaman. This does not preclude the argument that the cooks were seaman because a substantial amount of their time was spent doing industrial work that did not aid the vessel as a means of transportation.
[63] *Id.*

then the cook is not an FLSA seaman.[64] Because the Fifth Circuit reversed the *Adams I* court's finding that the crane operators were seaman, the Fifth Circuit in *Adams II* remanded and directed the lower court to re-evaluate whether the cooks were exempt from the FLSA in light of the Fifth Circuit's holding as to the crane operators.[65] Second, the Fifth Circuit instructed that "a cook who spends more than roughly 20 percent of his time cooking for . . . crew members who are non-exempt seamen[ ] has spent a 'substantial' amount of time on differing work."[66] The Fifth Circuit held that the *Adams I* court erred by failing to consider how much time the cooks spent cooking for non-crew members and crew members who are non-exempt seaman.[67]

Because it is Defendant's burden at trial to prove that Plaintiff is exempt from the FLSA,[68] it is Defendant's burden as the summary judgment movant to "come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[69] Defendant seeks summary judgment on Plaintiff's FLSA claims on the basis that he "and all other liftboat crewmembers aboard Defendant's vessels" are FLSA-exempt seaman.[70] Under *Adams II*, the Court must assess whether "the employee's service is primarily offered to aid the vessel as a means of transportation," and whether the employee performs "a substantial amount of different work."[71] To be able to do so, the summary judgment movant must come forward with evidence of the amount of time the

---

[64] *Id.*
[65] *Id.*
[66] *Id.* at 377 (citing 29 C.F.R. § 783.31).
[67] *Id.*
[68] *Martin*, 955 F.2d at 1035 (citing *Wirtz*, 383 U.S. 190).
[69] *Rally's, Inc.*, 939 F.2d at 1263-64 (quoting *Lease*, 755 F. Supp. at 951 (D. Colo. 1991)).
[70] R. Doc. 20.
[71] *Adams*, 15 F.4th at 369 (citing *Coffin*, 771 F.3d at 279).

10

Plaintiff devotes to his different job duties.[72] The Defendant has not come forward with evidence of the amount of time its employees spend doing work that aids its liftboats as means of transportation as opposed to "different work."[73] None of Defendant's statements of undisputed fact speaks to the amount of time in any given day that any of its liftboat employees spends on any given task.[74] As a result, Defendant has not met its burden to "come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[75]

Defendants argue that *Adams II* is not controlling in this case due to the United States Supreme Court's opinion in *Loper Bright Enterprises v. Raimondo*.[76] In *Loper Bright*, the Supreme Court overruled *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*[77] Under *Chevron*, courts were required to defer to an agency's reasonable interpretation of an ambiguous statute if the agency administered that statute.[78] Although the Fifth Circuit did not cite *Chevron* in *Adams II*, Defendant argues *Adams II* is grounded in *Chevron* because, in *Adams II*, the Fifth Circuit "relied almost exclusively on DOL regulations in coming to its conclusion."[79]

*Loper Bright* requires courts to "use every tool at their disposal to determine the best reading of the statute and resolve the ambiguity" rather than defer to a permissible

---

[72] *See id.* at 376-77 (reversing the lower court's holding that a cook was an FLSA-exempt seaman because the lower court "did not address the amount of time the cooks devoted to the task" of preparing meals for liftboat crew members.).
[73] R. Doc. 20-1; R. Doc. 20-2; *Adams*, 15 F.4th at 368, 370, 373-74, 376-77; *see also id.* at 370 ("Based on the plaintiffs' depositions, the district court found that they 'spent between 25% and 90% of their day operating the crane' 'to transport personnel, supplies, and equipment back and forth between the liftboat and the dock, the liftboat and the worksite platform, the liftboat and other vessels, and within the liftboat itself.'").
[74] R. Doc. 20-2.
[75] *Rally's, Inc.*, 939 F.2d at 1263-64 (quoting *Lease*, 755 F. Supp. at 951 (D. Colo. 1991)).
[76] 603 U.S. 369 (2024).
[77] 467 U.S. 837 (1984).
[78] *Loper Bright*, 603 U.S. at 379-80 (explaining the *Chevron* doctrine).
[79] R. Doc. 20-1 at p. 9; R. Doc. 25 at pp. 3-4.

agency interpretation.[80] Still, in the post-*Chevron* era, "courts are well-advised to consider agency 'interpretations issued contemporaneously with the statute at issue, and which have remained consistent over time,'" even if those interpretations are nonbinding.[81] The Supreme Court expressly stated that its opinion in *Loper Bright* does not "call into question prior cases that relied on the *Chevron* framework."[82]

Following the remand in *Adams II*, the Western District of Louisiana directly addressed the argument that *Loper Bright* "overrule[d] the deference given by the Fifth Circuit [in *Adams II*] to the [DOL]'s interpretive regulations regarding . . . the word 'seaman'" as it is used in the FLSA.[83] The *Adams III* court rejected this argument because "the Fifth Circuit did not apply *Chevron* deference in its *Adams* [*II*] decision."[84] This Court agrees.

*Adams II* was not overruled merely because it relied on longstanding DOL regulations and is not necessarily a *Chevron* deference case because it relied on DOL regulations.[85] In *Adams II*, the Fifth Circuit explained that it "has long looked to the [DOL]'s regulations . . . precisely because the meaning of 'seaman' is undefined in the statute."[86] The Fifth Circuit has "repeatedly emphasized that the [DOL]'s regulations are entitled to 'great weight'" and has explicitly found "no conflict . . . between the [FLSA]'s plain meaning and the regulatory guidance."[87] Given that the DOL regulations considered by the Fifth Circuit in *Adams II* were first published in the federal register in 1962 and

---

[80] *Rest. L. Ctr. v. U.S. Dep't of Lab.*, 120 F.4th 163, 171 (5th Cir. 2024) (quoting *Loper Bright*, 603 U.S. at 400).
[81] *Id.* at 174 (quoting *Loper Bright*, 603 U.S. at 394).
[82] *Loper Bright*, 603 U.S. at 412.
[83] *Adams v. All Coast, LLC* ("*Adams III*"), No. 16-01426, 2024 WL 4291520, at *3 (W.D. La. Sept. 25, 2024).
[84] *Id.*
[85] *See Adams II*, 15 F.4th at 371 (citing *Coffin*, 771 F.3d at 279).
[86] *Id.* (citing *Coffin*, 771 F.3d at 279).
[87] *Id.* at 370 n.2 (internal citation omitted) (citing *Coffin*, 771 F.3d at 279).

have "remained consistent over time," it was not erroneous for the Fifth Circuit to have relied on these regulations.[88] In any event, to the extent that *Adams II* did apply *Chevron* deference, *Loper Bright* counsels that it is not overruled for this reason alone.[89]

Even assuming the *Adams II* court did run afoul of *Loper Bright* by relying upon DOL regulations, Defendant has not met its summary judgment burden under Fifth Circuit precedent pre-dating the relevant 1962 DOL regulations. The Fifth Circuit first analyzed the meaning of the FLSA seaman exemption in *Walling v. W.D. Haden Co.*:

> [T]he words of the exemption are: 'Employees employed as seamen'. The italicized words mean something; they are not mere tautology. They warn us to look to what the employees do, and not to rest on a mere matter of a name, or the place of their work. The entire Act is pervaded by the idea that what each employee actually does determines its application to him.[90]

In *Walling*, which issued in 1946, the Fifth Circuit found the employees performed work "of a mixed kind," some "nautical" and some "industrial."[91] Because the "dominant employment" was industrial rather than nautical, the Fifth Circuit held the employees were not exempt from the FLSA.[92]

In *Walling*, which predates any applicable DOL regulations, the Fifth Circuit instructed courts analyzing whether an employee is an FLSA-exempt seaman to consider the type of work the employee performs and whether the "dominant" work the employee performs is nautical or of a different nature, such as industrial.[93] Defendant's statements of undisputed fact do not address the amount of time any of its employees spends on a

---

[88] 29 C.F.R. §§ 783.31-37; 27 Who is "Employed as a Seaman," 27 Fed. Reg. 8309, 8314, 8314-15 (Aug. 21, 1962) (to be codified at 29 C.F.R. §§ 783.31-37); *see also Rest. L. Ctr.*, 120 F.4th at 174 (quoting *Loper Bright*, 603 U.S. at 394).
[89] *Loper Bright*, 603 U.S. at 412.
[90] 153 F.2d 196, 199 (5th Cir. 1946). It is worth noting that the DOL regulation entitled "Criteria for employment 'as a seaman'" cites *Walling*. 29 C.F.R. § 783.31.
[91] *Id.*
[92] *Id.*
[93] *Id.*

13

given task, much less whether those tasks are nautical or maritime tasks.[94] Even if *Adams II* does not bind this Court, Defendant still has not met its burden under *Walling* to "come forward with evidence which would 'entitle it to a directed verdict if the evidence went uncontroverted at trial.'"[95]

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion for Summary Judgment is **DENIED**.[96]

New Orleans, Louisiana, this 6th day of October, 2025.

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[94] R. Doc. 20-2.
[95] *Rally's, Inc.*, 939 F.2d at 1263-64 (quoting *Lease*, 755 F. Supp. at 951 (D. Colo. 1991)).
[96] R. Doc. 20.