UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK BREAUX, et al.**<br>　　　　　　　　**Plaintiffs,**<br><br>**v.**<br><br>**ALLIANCE LIFTBOATS, LLC, et al.**<br>　　　　　　　　**Defendants.** | **CIVIL ACTION NO.: 2:24-cv-01000**<br><br>**JUDGE SUSIE MORGAN**<br><br>**MAGISTRATE JUDGE KAREN WELLS ROBY** |

**REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION
TO STAY INTERLOCUTORY COLLECTIVE ACTION ORDER
PENDING REQUEST TO CERTIFY INTERLOCUTORY ORDER
AS IMMEDIATELY APPEALABLE AND PENDING SUBSEQUENT APPEAL**

NOW COMES Defendant Alliance Liftboats, LLC ("Alliance"), through undersigned counsel, and respectfully submits this Reply Memorandum in Further Support of its Motion requesting this Honorable Court to stay its October 6, 2025 Order and Reasons granting Plaintiff's Motion to Certify a Collective Action (Rec. Doc. 38) (the "Collective Action Order") pending resolution of Alliance's Motion to Certify or Alter the Collective Action Order as Immediately Appealable pursuant to Federal Rule of Appellate Procedure 5(a)(3) and 28 U.S.C. § 1292(b) and pending the subsequent appeal, with this Court's permission, of that Order as well as to address the arguments made in Plaintiff's Opposition to the Motion to Stay.

Plaintiff's Opposition overlooks the harm to which Alliance would undoubtedly be subjected if notice of the collective action were to issue, namely that employees who arguably are not legally entitled would receive notice amounting to what the Fifth Circuit has described in *Swales* as improper solicitation. Because Alliance has shown a likelihood of success on the merits and will be irreparably harmed if the stay is not granted, and because the granting of the stay would serve the public interest and not substantially harm the other parties, a stay of this Order should be granted.

1

**I.     ARGUMENT**

    **A.     This Court Should Grant a Stay due to Alliance's Likelihood of Success on the Merits.**

The question presented in the Collective Action Order is serious—whether the work that employees "actually do" aboard a vessel must be considered in defining the collective action class of individuals claiming to have been misclassified as FLSA exempt seaman. It is not a question of application or the facts of this case that are central to the appeal but, rather, whether the Fifth Circuit's holdings in *Swales* and *Adams* required this Court to consider and "rigorously scrutinize" any evidence (or lack thereof) demonstrating "what the employees do" before certifying a collective class of all liftboat employees.[1] This is a pure question of law to consider, and its import is beyond significant for every collective action proceeding going forward in this District Court.

This is a serious legal question that supports the granting of a stay of the Collective Action Order so the Fifth Circuit can definitively say whether purportedly similarly situated employees need to demonstrate evidence of actual similarity through an analysis of what the employees "actually do" and not simply based on whether they were each paid at a day rate. As this Court's ruling instead authorized notice and the right to join this lawsuit to any Alliance liftboat employee, regardless of what work he actually performed on the vessel, there is a serious legal question as to whether this approach is reconcilable with the Fifth Circuit's directive in *Swales*. For these reasons, the Collective Action Order addresses a serious legal question, on which Alliance will likely succeed, that the Fifth Circuit Court of Appeals should address to delineate the governing legal

---

[1] *Adams v. All Coast, L.L.C.*, 15 F.4th 365, 375 (5th Cir. 2021) (explaining that to determine FLSA seaman status, courts must "look to what the employees do, and not [] on a mere matter of a name, or the place of their work"); *id.* at 370 (explaining that the seaman exemption depends on "'the character of the work' the plaintiffs did, 'not on what it is called or the place where it is performed'"); *see also Walling v. W.D. Haden Co.*, 153 F.2d 196, 199 (5th Cir. 1946) (explaining that exempt status depends on what the employees "actually do").

standards that must inform courts' decisions in certifying collective actions. A stay is appropriate under these circumstances.

### B. The Equities Heavily Weigh in Favor of a Stay.
#### 1. Alliance will suffer irreparable harm if this collective action goes forward.

The harm Alliance will suffer—namely, notice being provided to employees ineligible to participate in the collective action as well as the cost and expense of defending against those ineligible claims—will be irreparable if no stay is granted. Plaintiff's Opposition completely misrepresents this harm, describing it only as having to pay overtime to the entire collective action. Not so. Alliance takes the position that cooks are not similarly situated to captains, who are not similarly situated to engineers, who are not similarly situated to crane operators and so on. Yet, the certification order concludes that they are.

As a result, if notice issues and individuals falling into each of these disparate jobs opt in, Alliance will be constrained to effectively put on a series of disparate minitrials to prove that each category of worker is an FLSA exempt seaman based on an analysis of what each actually does aboard the vessel. This analysis cannot be undertaken on a class-wide basis. Plaintiff's contention that Alliance would not be harmed by improper solicitation and being forced to defend a series of minitrials absent a stay because Alliance would *just* have to issue overtime pay improperly presupposes his success on the merits while simultaneously ignoring the considerable time and expense defending against an improperly certified and unwieldy collective class entails.

#### 2. Breaux concedes he will suffer no harm pending appellate review

As Plaintiff concedes, he will not be injured by a delay while Alliance seeks appellate relief. Moreover, while Plaintiff asserts that the collective action members who have not opted in would be injured by a stay, any potential injury to potential class members is offset by the danger presented in adding class members with the risk that they may be deemed ineligible to join this

3

litigation upon review by the Fifth Circuit. Thus, weighing the opposing harms, Plaintiff is aided more by clarity at this stage than expediency.

### 3. The public interest supports finding clarity in this important area of law.

It is Alliance's position that the Fifth Circuit's guidance in *Adams* is instructive of the legal standard discussed in *Swales*.[2] The legal standard should be clarified here. Alliance avers Plaintiff was required to show, by a preponderance of the evidence, that the work he performed as a cook was sufficiently similar to that performed by a Captain (and others) before a collective class encompassing every class of employee aboard any given liftboat could be certified. Therefore, the public interest lies in granting a stay so that the Fifth Circuit can clarify the legal considerations at play in collective action certification, for both employees and employers alike who are subject to the FLSA's requirements.

## II. CONCLUSION

The requirements for issuing a stay have been met, and this Court should stay its Collective Action Order and immediately certify the Order as appealable, thereby allowing the Court of Appeals for the Fifth Circuit to review whether, when challenging classification as an FLSA exempt seaman, the legal standard for collective action certification requires a specific showing that the employees performed the same type of work *and* were subject to the same policies before a class can be certified.

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY: _____
David M. Korn (Bar #21676)

---

[2] *Compare Swales v. KLLM Transport Services, L.L.C.*, 985 F.3d 430, 441 (5th Cir. 2021), *with Adams*, 15 F.4th at 375.

                              Stephanie M. Poucher (Bar #37263)
Canal Place | 365 Canal Street, Suite 2000
New Orleans, Louisiana 70130
Telephone: 504 566 1311
Facsimile: 504 568 9130
Email:  kornd@phelps.com
       pouchers@phelps.com

**ATTORNEYS FOR DEFENDANT**

PD.60393248.1