UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK BREAUX,**<br>    **Plaintiff** | **CIVIL DOCKET** |
| **VERSUS** | **NO.  24-1000** |
| **ALLIANCE LIFTBOATS, LLC,**<br>**ET AL.,**<br>    **Defendants** | **SECTION: "E" (4)** |

## ORDER AND REASONS

Before the Court is a motion to certify or alter interlocutory collective action order as immediately appealable, filed by Defendant Alliance Liftboats, LLC ("Defendant" or "Alliance").[1] Plaintiff Patrick Breaux ("Plaintiff") filed an opposition.[2] Defendant filed a reply.[3]

## BACKGROUND

On April 19, 2024, Plaintiff filed this suit on behalf of himself and others similarly situated to recover unpaid overtime wages from Defendant Alliance Liftboats, LLC and against the L/B MIAMI in rem under the Fair Labor Standards Act ("FLSA").[4] Plaintiff alleges he worked as a cook aboard the L/B MIAMI for the past three years,[5] and, as a cook, "was paid a day rate," regardless of the number of hours he worked in a week.[6] Plaintiff alleges he "regularly worked over 40 hours in a week."[7] Plaintiff alleges

---

[1] R. Doc. 54.
[2] R. Doc. 58.
[3] R. Doc. 61.
[4] R. Doc. 1.
[5] *Id.* at ¶ 26.
[6] *Id.* at ¶ 5.
[7] *Id.* at ¶¶ 6, 29.

1

Defendant misclassified him as a seamen exempt from state and federal overtime law and did not pay him overtime wages.[8]

On May 19, 2025, Plaintiff filed a Motion to Certify Collective Action. On October 6, 2025, the Court granted Plaintiff's motion, certifying the collective action as:

> All individuals employed by Alliance Liftboats, LLC and/or Helix Energy Solutions as crewmembers of the following vessels: L/B GALVESTON; L/B LAFAYETTE; L/B NEW ORLEANS, L/B HOUSTON; L/B MEMPHIS; L/B NASHVILLE; L/B CHARLESTON; L/B MIAMI; and L/B DALLAS for the _____[insert time period]_____,[9] who performed a substantial amount of non-seaman work, yet were misclassified as exempt from overtime.[10]

On November 4, 2025, Alliance filed its appeal of this Court's Order Certifying the Collective Action.[11] On December 18, 2025, the Fifth Circuit dismissed the appeal for lack of jurisdiction.[12]

On January 13, 2026, Alliance filed the present Motion to Certify or Alter Interlocutory Collective Action Order as Immediately Appealable.[13] Defendant requests this Court certify for appeal this Court's interlocutory collective action order under 28 U.S.C. § 1292(b) and Federal Rule of Appellate Procedure 5(a)(3).[14]

## **LAW AND ANALYSIS**

28 U.S.C. § 1291 provides "[t]he court of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States."[15] 28 U.S.C. § 1292(b) provides:

---

[8] *Id.* at ¶¶ 8, 30-32.
[9] In its order certifying the collective action, the Court ordered the parties to meet and confer to discuss the applicable time period for the collective. The parties agreed in R. Doc. 51 that the applicable time period is three years, and the Court approved notice including this time period. (R. Doc. 52.)
[10] R. Doc. 38.
[11] R. Doc. 41.
[12] R. Doc. 48.
[13] R. Doc. 54.
[14] *Id.*
[15] 28 U.S.C. § 1291.

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial grounds for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order . . . [and] [t]he Court of Appeals . . . may thereupon, in its discretion, permit an appeal to be taken from such order.

The three criteria set forth in 28 U.S.C. § 1292(b) must be met before the Court may certify an interlocutory order for appeal: (1) there must be a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of the litigation.[16] It is within the Court's discretion to certify an order for interlocutory appeal under Section 1292(b).[17] Interlocutory appeals are "exceptional" and should not be granted "'simply to determine the correctness' of a ruling."[18] "Interlocutory appeals are generally disfavored," and § 1292(b) "must be strictly construed."[19] The moving party bears the burden of establishing that interlocutory appeal is appropriate.[20]

## I. Defendant has not met its burden of showing that its appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion.

Defendant has the burden of proving its appeal satisfies the first two requirements of § 1292(b)--the Court's collective action order involves a controlling question of law and

---

[16] 28 U.S.C. § 1292(b); *Aparicio v. Swan Lake*, 643 F.2d 1109, 1110 n.2 (5th Cir. 1981).
[17] *Waste Mgmt. of La., L.L.C. v. Parish*, 13-6764, 2014 WL 5393362, at *3 (E.D. La. Oct. 22, 2014) ("This Court has the discretion to certify its Order and Reasons for interlocutory appeal under 28 U.S.C. § 1292(b)."); *Copelco Capital, Inc. v. Gautreaux*, 99-850, 1999 WL 729248, at *1 (E.D. La. Sept. 16, 1999) ("The trial judge has substantial discretion in deciding whether or not to certify questions for interlocutory appeal."); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").
[18] *Gulf Coast Facilities Mgmt., LLC v. BG LNG Servs., LLC*, 730 F. Supp. 2d 552, 565 (E.D. La. 2010) (quoting *Clark–Dietz & Associates–Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 67-69 (5th Cir. 1983)).
[19] *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997).
[20] *U.S. ex rel. Branch Consultants, L.L.C. v. Allstate Ins. Co.*, 668 F. Supp. 2d 780, 813 (E.D. La. 2009).

3

a substantial ground for difference of opinion exists as to this controlling question of law. "The threshold for establishing the 'substantial ground for difference of opinion' required for certification pursuant to § 1292(b) is a high one."[21] "Mere disagreement, even if vehement, with a ruling does not establish substantial ground for difference of opinion."[22] "Instead, a substantial ground for difference of opinion exists if there is a 'genuine doubt as to the correct legal standard' to be applied."[23] "Such a circumstance can arise, for instance, if 'the circuits are in dispute on the question and the Court of Appeals of the circuit encompassing the district court has not spoken on the point or if novel and difficult questions of first impression are presented.'"[24]

A controlling question of law is "one 'that would require reversal on appeal from a final judgment or would materially affect the outcome of the case.'"[25] A controlling question of law is *not* "the application of settled law to disputed facts."[26] In other words, "a controlling question of law as used in § 1292(b) must be a 'pure question of law,' . . . something the court of appeals could decide quickly and cleanly without having to study the record."[27]

Defendant presents the controlling question of law in this case as whether the Court applied the correct standard to determine whether the employees included in the collective action are similarly situated.[28] On May 19, 2025, the Court certified a collective

---

[21] *South. U.S. Trade Ass'n v. Unidentified Parties*, 10-1669, 2011 WL 2790182, at *2 (E.D. La. July 14, 2011) (quoting *Judicial Watch, Inc. v. Nat'l Energy Policy Dev. Grp.*, 233 F. Supp. 2d 16, 19 (D.D.C. 2002)).
[22] *Property One, Inc. v. USAgencies, L.L.C.*, 830 F. Supp. 2d 170, 182 (M.D. La. 2011).
[23] *South. U.S. Trade Ass'n*, 2011 WL 2790182, at *2.
[24] *Id.* (citing *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 723-24 (N.D. Tex. 2006)).
[25] *Adams v. Walker*, 20-2794, 2022 WL 457821, at *2 (E.D. La. Feb. 15, 2022) (quoting *D.H. Griffin Wrecking Co. v. 1031 Canal Dev., LLC*, 20-1051, 2020 WL 7626817, at *3 (E.D. La. July 14, 2020)).
[26] *Alexander v. City Police of Lafayette*, 11-1749, 2019 WL 5678376, at *1 (W.D. La. Oct. 30, 2019).
[27] *Lake Charles Harbor & Term. Dist. v. Reynolds Metal Co.*, 17-1114, 2021 WL 5828720, at *2 (W.D. La. July 21, 2021) (quoting *Ahrenholz v. Bd. of Trustees of Univ. of Ill.*, 219 F.3d 674, 676 (7th Cir. 2000)).
[28] R. Doc. 54-1 at p. 5.

action including crewmembers of various Alliance Liftboats' vessels "who performed a substantial amount of non-seaman work yet were misclassified as exempt from overtime."[29] The Court relied on established Fifth Circuit precedent in *Loy v. Rehab Synergies, L.L.C.*[30] In *Loy,* the Fifth Circuit affirmed the certification of a collective action holding the fact that the purported collective action members worked in "five different positions at 20 different facilities, reported to 22 different directors during the relevant period, and testified to differing interactions with their directors regarding productivity requirements" did not preclude a finding that they were similarly situated as the employees were all subject to the same "pattern or practice," being subject to productivity requirements regardless of job title or facility.[31] Citing *Roussell v. Brinker International*,[32] the Fifth Circuit said, "There is a need for care in evaluating distinctions among employees, but those distinctions must make a difference relevant to the legal issues presented."[33]

Relying on *Loy*, the Court acknowledged the crewmembers had varying job duties, but found these differences in responsibilities non-dispositive as the crewmembers were subject to a uniform policy of being classified as FLSA-exempt seaman not entitled to overtime.[34] This established precedent supports the Court's decision to certify the collective action. *Loy* makes clear that the duties of employees and where their job duties are performed is not dispositive in determining whether they are similarly situated.[35] There is not a substantial ground for difference of opinion on this question. The fact that

---

[29] R. Doc. 38.
[30] R. Doc. 38 at p. 6.
[31] 71 F.4th 329, 339 (5th Cir. 2023).
[32] 441 F. Appx. 222 (5th Cir. 2011.
[33] *Id.*
[34] R. Doc. 38 at p. 15.
[35] 71 F.4th 329, 339 (5th Cir. 2023).

5

other circuits may have a different standard for determining when employees are similarly situated is irrelevant. The Fifth Circuit's decision in *Loy* is binding in *this* circuit.[36]

The Court finds that Defendant has failed to meet its burden of proving that its appeal involves a controlling question of law as to which there is a substantial ground for difference of opinion.

## II. Defendant has not shown that an immediate appeal may materially advance the ultimate termination of the litigation.

Even if Defendant had demonstrated that a controlling question of law was involved and there was a substantial ground for difference of opinion on that controlling question of law, Defendant has failed to meet its burden of showing that an immediate appeal may materially advance the ultimate termination of the litigation. To demonstrate that an immediate appeal will materially advance the termination of the litigation, the movant must show that the appeal will "abbreviate [the district court proceedings] significantly."[37]

Defendant argues an immediate appeal of the order certifying the collective action will advance the ultimate termination of the litigation because the appeal will "assist in addressing important threshold questions that determine the entire outlook of the litigation and will continue to appear in the FLSA context."[38] Apparently, Defendant argues that clarifying how to determine whether employees are similarly situated for the sake of other future cases will materially advancing the ultimate termination of this

---

[36] Defendant ignores that courts throughout this circuit have addressed under what circumstances employees are similarly situated. *See Torres v. Chambers Protective Services, Inc.*, 2021 WL 3419705 at *6 (N.D. Tex. Aug. 5, 2021).
[37] *Silverthorne Seismic, L.L.C. v. Sterling Seismic Servs., Ltd.*, 125 F.4th 593, 601 (5th Cir. 2025).
[38] R. Doc. 54-1 at pp. 7.

litigation.[39] In support, Defendant cites to a district court opinion from the Southern District of New York, wherein that court stated that "[a]n interlocutory appeal may materially advance the ultimate termination of the litigation and would certainly, in the Court's view, conserve judicial resources in the longer term by resolving important and oft-arising legal questions."[40] Defendant cites no Fifth Circuit case to support its position that this Court should consider legal questions that may arise in *other* litigation when determining whether an appeal will materially advance the termination of *this* litigation.

Defendant has conceded that at least some of the lift boat crewmembers are entitled to bring a collective action claim.[41] Defendant does not argue a successful appeal will eliminate its liability.[42]

An appellate ruling in Defendant's favor will not "abbreviate [the district court proceedings] significantly."[43] As a result, Defendant has failed to meet its burden of showing that an immediate appeal may materially advance the ultimate termination of the litigation.

Finally, the Court reminds the parties that FLSA collective actions are intended to avoid multiple lawsuits when a number of employees have allegedly been harmed by claimed violations of the FLSA by a particular employer. Maintaining the certification of this collective action will accomplish that goal. Interlocutory appeals are generally disfavored, and the decision to certify an order for an interlocutory appeal falls squarely

---

[39] *Id.* at pp. 6-7.
[40] *Chambers v. Maplebear, Inc.,* 746 F. Supp. 3d 206, 218 (S.D.N.Y. 2024).
[41] R. Doc. 58 at p. 7.
[42] *Id.*
[43] See *Silverthorne Seismic.*, 125 F.4th at 597 (5th Cir. 2025)..

within the district court's discretion.[44] Using this discretion and abiding by the principal that interlocutory appeals are "exceptional," the Court will deny the Defendant's motion.

## CONCLUSION

**IT IS ORDERED** that Defendant's Motion to Certify or Alter Interlocutory Collective Action Order as Immediately Appealable is **DENIED**.[45]

**IT IS FURTHER ORDERED** that Defendant's Motion to Stay Interlocutory Collective Action Order Pending Request to Certify Interlocutory Order as Immediately Appealable and Pending Subsequent Appeal is **DENIED AS MOOT**.[46]

**New Orleans, Louisiana, this 12th day of February, 2026.**

*Susie Morgan*
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

---

[44] *Allen v. Okam Holdings, Inc.*, 116 F.3d 153, 154 (5th Cir. 1997); *Waste Mgmt. of La., L.L.C. v. Parish*, 13-6764, 2014 WL 5393362, at *3 (E.D. La. Oct. 22, 2014) ("This Court has the discretion to certify its Order and Reasons for interlocutory appeal under 28 U.S.C. § 1292(b)."); *Copelco Capital, Inc. v. Gautreaux*, 99-850, 1999 WL 729248, at *1 (E.D. La. Sept. 16, 1999) ("The trial judge has substantial discretion in deciding whether or not to certify questions for interlocutory appeal."); *Swint v. Chambers Cnty. Comm'n*, 514 U.S. 35, 47 (1995) ("Congress thus chose to confer on district courts first line discretion to allow interlocutory appeals.").

[45] R. Doc. 54.

[46] R. Doc. 55. In addition, R. Doc. 40 is **DENIED AS MOOT**.