UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PATRICK BREAUX,**<br>    Plaintiff | **CIVIL DOCKET** |
| **VERSUS** | **NO. 24-1000** |
| **ALLIANCE LIFTBOATS, LLC,<br>ET AL.,**<br>    Defendants | **SECTION: "E" (4)** |

### ORDER AND REASONS

Before the Court is a motion for equitable tolling, filed by named Plaintiff Patrick Breaux ("named Plaintiff").[1] Defendant Alliance Liftboats, LLC ("Defendant" or "Alliance") filed an opposition.[2] Named Plaintiff filed a reply.[3]

### BACKGROUND

On April 19, 2024, named Plaintiff filed this suit on behalf of himself and others similarly situated to recover unpaid overtime wages from Defendant Alliance Liftboats, LLC and against the L/B MIAMI in rem under the Fair Labor Standards Act ("FLSA").[4] Named Plaintiff alleges he worked as a cook aboard the L/B MIAMI for the three years prior to his filing suit,[5] and, as a cook, "was paid a day rate," regardless of the number of hours he worked in a week.[6] Named Plaintiff alleges he "regularly worked over 40 hours in a week."[7] Named Plaintiff alleges Defendant misclassified him as a seamen exempt from state and federal overtime law and did not pay him overtime wages.[8]

---

[1] R. Doc. 56.
[2] R. Doc. 57.
[3] R. Doc. 60.
[4] R. Doc. 1. Named Plaintiff executed his consent to pursuing his claims under the FLSA as a collective action on April 18, 2024. The notice was inadvertently not filed into the record until February 23, 2026.
[5] *Id.* at ¶ 26.
[6] *Id.* at ¶ 5.
[7] *Id.* at ¶¶ 6, 29.
[8] *Id.* at ¶¶ 8, 30-32.

1

On September 25, 2024, plaintiffs Murray Dorsey and Matthew Sims ("Opt-In Plaintiffs") filed notice of consent to joining the collective action.[9] The Court ordered that all discovery in this matter be completed by May 27, 2025.[10] On May 19, 2025, named Plaintiff filed a Motion to Certify Collective Action. The Motion went under submission before this Court on June 4, 2025. On October 6, 2025, the Court granted named Plaintiff's motion, certifying the collective action as:

> All individuals employed by Alliance Liftboats, LLC and/or Helix Energy Solutions as crewmembers of the following vessels: L/B GALVESTON; L/B LAFAYETTE; L/B NEW ORLEANS, L/B HOUSTON; L/B MEMPHIS; L/B NASHVILLE; L/B CHARLESTON; L/B MIAMI; and L/B DALLAS for the _____[insert time period]_____,[11] who performed a substantial amount of non-seaman work, yet were misclassified as exempt from overtime.[12]

On November 4, 2025, Alliance filed its appeal of this Court's Order Certifying the Collective Action.[13] On December 18, 2025, the Fifth Circuit dismissed the appeal for lack of jurisdiction.[14]

On January 13, 2026, named Plaintiff filed the present Motion for Equitable Tolling with respect to the Opt-In Plaintiffs and potential opt-in plaintiffs.[15] Named Plaintiff requests this Court toll the three-year FLSA period from June 4, 2025, when named Plaintiff's motion to certify a collective action was set for submission, or, in the alternative, from October 6, 2025, when the Court certified the FLSA collective action.[16] Defendant argues named Plaintiff's motion is premature with respect to the potential opt-

---

[9] R. Docs. 14, 15. Additional plaintiffs have opted into the collective action since named Plaintiff's Motion for Equitable Tolling was filed. R. Docs. 67-82, 85-86, 88-92.
[10] R. Doc. 11.
[11] In its order certifying the collective action, the Court ordered that the parties meet and confer to discuss the applicable time period for the action. The parties agreed in R. Doc. 51 that the applicable time period is three years, and the Court issued an order (R. Doc. 52) reflecting this.
[12] R. Doc. 38.
[13] R. Doc. 41.
[14] R. Doc. 48.
[15] R. Doc. 56.
[16] *Id.* at pp. 7-8.

in plaintiffs and named Plaintiff has not demonstrated circumstances that justify equitable tolling for anyone.[17]

## LAW AND ANALYSIS

A cause of action under the FLSA "may be commenced within two years after the cause of action accrued, and every such action shall be forever barred unless commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued."[18] An action is commenced for the purposes of calculating the statute of limitations when the complaint is filed.[19] In a collective action, however, this holds true only for named plaintiffs who also file their written consent to become a party plaintiff on that date.[20] For named plaintiffs who do not file their written consent when the complaint is filed and for opt-in plaintiffs, the action is commenced "on the subsequent date on which such written consent is filed in the court in which the action was commenced."[21] If the doctrine of equitable tolling applies, the action may be considered commenced for opt-in plaintiffs at an earlier date.[22]

The Fifth Circuit has adopted a strict view of the FLSA's limitations period, stating "[w]e cannot alter the express terms of the statute."[23] However, principles of equitable tolling apply to cases brought under the FLSA because the Supreme Court has stated that "the doctrine . . . is 'read into every federal statute of limitations.'"[24] "The doctrine of

---

[17] R. Doc. 57.
[18] 29 U.S.C. § 255(a).
[19] 29 U.S.C. § 256.
[20] *Id.*
[21] *Id.*
[22] *See Sehr v. Val Verde Hospital Corporation*, 368 F.Supp.3d 1106, 1108 (W.D. Tex. Mar. 27, 2019).
[23] *Atkins v. Gen. Motors Corp.*, 701 F.2d 1124, 1130 n.5 (5th Cir. 1983).
[24] *Israel Antonio-Morales v. Bimbo's Best Produce, Inc.*, No. 08-5105, 2009 U.S. Dist. LEXIS 51833, at *1 (E.D. La. Apr. 20, 2009) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S. Ct. 582, 90 L. Ed. 743 (1946)).


equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable."[25] The Supreme Court has held that in order to justify equitable tolling, a litigant must establish "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."[26] "[T]he diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence."[27] "Whether diligence is reasonable is an equitable, often fact-intensive inquiry in which courts are instructed to avoid mechanical rules and instead to draw upon decisions made in other similar cases for guidance."[28]

"Equitable tolling applies only in rare and exceptional circumstances," and courts most frequently grant requests for equitable tolling "where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights."[29] Courts also grant this remedy when, "despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim."[30] Post-*Swales*, some courts are more likely to grant a motion for equitable tolling.[31] The party invoking equitable tolling bears the burden of justifying the need for equitable tolling of the limitations period,[32] but the decision to ultimately invoke

---

[25] *United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (internal quotation marks and citation omitted).
[26] *Menominee Indian Tribe of Wis. v. United States,* 577 U.S. 250, 255 (2016).
[27] *Costellow v. Becht Eng'g Co.*, No. 1:20-CV-00179, 2020 WL 8271875, at *2 (E.D. Tex. Dec. 16, 2020)(quoting *Holland v. Florida*, 560 U.S. 631, 653 (2010)).
[28] *Id.* (quoting *Palacios v. Stephens*, 723 F.3d 600, 605 (5th Cir. 2013)).
[29] *Teemac v. Henderson*, 298 F.3d 452, 457 (5th Cir. 2002) (internal quotation marks and citations omitted).
[30] *Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992).
[31] *See Gomez v. Global Precision Systems*, 636 F.Supp.3d 746, 761 (W.D. Tex. 2022) ("It would be inequitable to require already-identified potential opt-in plaintiffs, as there are in this case, to sit and wait for the *Swales* process to play out before potentially receiving a notice that they are 'similarly situated' to Plaintiffs and therefore have a right to join the lawsuit and thereby toll the statute of limitations.")
[32] *See Mejia*, 2014 U.S. Dist. LEXIS 107363, 2014 WL 3853580, at *1; *Wilson v. Sec'y, Dep't of Veterans Affairs on Behalf of Veterans Canteen Servs.*, 65 F.3d 402, 404 (5th Cir. 1995), as amended on denial of reh'g (Nov. 1, 1995); *Conaway v. Control Data Corp.*, 955 F.2d 358, 362 (5th Cir. 1992).

4

equitable tolling in a particular instance is left to the discretion of the district court, subject to appellate review only for abuse of discretion.[33]

I.  **The named Plaintiff's motion is not premature and the named Plaintiff and Opt-In Plaintiffs have diligently pursued their rights.**

The Court first will address whether named Plaintiff's motion is premature with respect to the potential opt-in plaintiffs. Defendant argues equitable tolling requires "fact-specific determinations which cannot be made until a putative plaintiff actually opts-in" to the collective action.[34] Defendant points to courts from this circuit which have declined to toll the FLSA statute of limitations until plaintiffs had actually opted-in to the collective action because a fact-specific analysis is required.[35] Multiple courts in this circuit have found the opposite—that the statute of limitations may be tolled with respect to potential opt-in plaintiffs. For example, in *Costellow v. Becht Engineering Co.*, the United States District Court for the Eastern District of Texas rejected the argument that a motion for equitable tolling should be denied because it would affect only "hypothetical future plaintiffs."[36] The court reasoned that "it would defeat the purpose of equitable tolling to require plaintiffs to wait to file [a motion for equitable tolling] until a putative class member has already lost his or her right to sue because the statute of limitations has passed."[37] Similarly, in *Israel Antonio-Morales v. Bimbo's Best Produce, Inc*, the United States District Court for the Eastern District of Louisiana granted a motion for equitable tolling with respect to potential opt-in plaintiffs stating that "[c]ourts routinely grant

---

[33] *Teemac*, 298 F.3d at 456.
[34] R. Doc. 57 at pp. 5-6 (quoting *Sandoz v. Cingular Wireless, LLC*, No. 6:07CV1308, 2014 WL 3045532, at *4 (W.D. La. July 3, 2014); *see also Menominee Indian Tribe of Wisconsin v. United States*, 577 U.S. 250, 255 (2016); *Sandoz v. Cingular Wireless, LLC*, No. 6:07CV1308, 2014 WL 3045532, at *4 (W.D. La. July 3, 2014); *Herrera Maldonado v. Infinity Brokerage Co.*, No. EP-15-CV-259-KC, 2016 WL 11581486, at *8 (W.D. Tex. Apr. 20, 2016).
[35] R. Doc. 57 at pp. 4-6.
[36] No. 1:20-CV-00179, 2020 WL 8271875, at *4 (E.D. Tex. Dec. 16, 2020).
[37] *Id*.

equitable tolling in the FLSA collective action context to avoid prejudice to actual or potential opt-in plaintiffs[.]"[38] In this matter, if the Court does not grant named Plaintiff's motion for equitable tolling, potential opt-in plaintiffs' claims under the FLSA may prescribe because the statute of limitations has run during the process of trying to certify the collective action. Because the Court finds it would be inequitable to allow the potentially legitimate claims of these opt-in plaintiffs to prescribe simply because of delay in collective action certification, the Court elects to follow the line of cases from this circuit holding that courts may toll the statute of limitations with respect to named plaintiffs and potential opt-in plaintiffs. As a result, the motion is not premature.

The Court next examines whether named Plaintiff and the Opt-In Plaintiffs diligently pursued their rights. Named Plaintiff argues that he and the Opt-In Plaintiffs diligently pursued certification of the collective action and that, because the potential opt-in plaintiffs were unaware of their rights under the FLSA, their inaction should not weigh against tolling the statute of limitations.[39]

Defendant argues named Plaintiff has failed to show that any of the potential opt-in plaintiffs have diligently pursued their rights.[40] Defendant relies on *Sandoz v. Cingular Wireless, LLC* for the proposition that the failure of potential opt-in plaintiffs to diligently pursue their rights is fatal to a motion for equitable tolling. In *Sandoz*, an unpublished opinion, the Fifth Circuit held that potential opt-in plaintiffs had failed to diligently pursue their rights because "timesheets and paycheck memos that were available to all . . . employees provided the information necessary to trigger a duty [for them] to

---

[38] No. 08-5105, 2009 U.S. Dist. LEXIS 51833, at *1 (E.D. La. Apr. 20, 2009).
[39] R. Doc. 60 at pp. 3-5.
[40] *Id.* at pp. 7-9.

6

inquire."[41] Because the potential opt-in plaintiffs failed to assert their claims while having adequate awareness that they may have FLSA claims, the Fifth Circuit found that plaintiffs had failed to diligently pursue their rights, and as a result, equitable tolling was improper.[42] In this matter, Defendant points out that the Opt-In Plaintiffs joined this action before receiving formal notice of the collective action. As a result, Defendant argues that, even though a formal collective action notice had not been distributed, the potential opt-in plaintiffs also had the information necessary to trigger a duty to inquire into their rights prior to formal notice being sent out, yet did not opt in.[43] Defendant argues the fact that these other potential plaintiffs did not opt into the suit demonstrates that these persons have failed to diligently pursue their rights.[44]

    It is undisputed that named Plaintiff and the Opt-In Plaintiffs have diligently pursued their rights. Defendant argues the potential opt-in plaintiffs have not diligently pursued their rights.[45] While Defendants rely on *Sandoz* for the proposition that the failure of potential opt-in plaintiffs, who may have been aware of their FLSA rights, to diligently pursue their claims is fatal to a motion for equitable tolling, this Court declines to adopt the rationale from *Sandoz* under the facts of this case for several reasons. First, though *Sandoz* is a Fifth Circuit case, it is unpublished and is not precedential.[46] Further, the Fifth Circuit in *Sandoz* stated that the opt-in plaintiffs' timesheets and paycheck memos contained the number of hours an employee worked and the type of pay they

---

[41] 700 Fed.Appx. 317, 321 (5th Cir. 2017).
[42] *Id.*
[43] R. Doc. 57 at pp. 7-9.
[44] *Id.* (citing *English v. Tex. Farm Bureau Bus. Corp.*, No. 17-CV-323, 2019 WL 5191832 (W.D. Tex. Oct. 15, 2019).
[45] R. Doc. 57 at pp. 7-9.
[46] *Klick v. Cenikor*, 509 F.Supp. 3d 951 (S.D. Tex. 2020).

received for those hours.⁴⁷ Because the timesheets showed that the number of hours the opt-in plaintiffs were paid for did not equate to the number of hours they worked, the Fifth Circuit found the opt-in plaintiffs should have been on notice that FLSA violations may have occurred.⁴⁸ In this case, the Court does not have the potential opt-in Plaintiff's paystubs, but Defendant did produce Mr. Breaux's paystubs and the Court assumes these paystubs would be similar for the potential opt-in plaintiffs.⁴⁹ After examining the Breaux documents, the Court cannot discern any information that would have alerted the named Plaintiff he was being underpaid for his work. The paystubs provided to the Court simply state the amount of hours Breaux worked and the rate that he was paid for those hours; they provide no indication on their face that an FLSA violation may have occurred.⁵⁰ As a result, unlike in *Sandoz*, the potential opt-in plaintiffs likely were unaware they had claims under the FLSA.

In *Klick v. Cenikor Foundation*, the United States District Court for the Southern District of Texas held that when "individuals who might otherwise have opted into the proceeding are understandably potentially unaware of their status as employees [under the FLSA] . . . any lack of diligence on their part is excused or, in the very least, does not weigh against a finding of equitable tolling."⁵¹ Because the potential opt-in plaintiffs in this case likely were unaware of their rights under the FLSA, any failure on the part of these potential plaintiffs to have pursued their claims is excused or at least does not weigh against granting equitable tolling with respect to them.⁵²

---

⁴⁷ 700 Fed.Appx. at 321.
⁴⁸ *Id.*
⁴⁹ R. Doc. 23-1.
⁵⁰ *Id.*
⁵¹ *Klick*, 509 F.Supp. 3d at 957.
⁵² *Klick*, 509 F.Supp. 3d at 957.

Moreover, some courts have considered the actions of the *named* plaintiffs, rather than those of the potential opt-in plaintiffs, in determining whether a "litigant" has been "pursuing his rights diligently."[53] In this matter, the named Plaintiff and the Opt-In Plaintiffs have expeditiously litigated this case. The parties completed certification discovery by the May 27, 2025 deadline set by this Court; named Plaintiff moved for certification on May 19, 2025, before the discovery deadline had passed.[54] Moreover, named Plaintiff timely filed supplemental briefing for the motion to certify, as ordered by this Court.[55] Any delay in these proceedings is no fault of the named Plaintiff or the Opt-In Plaintiffs. As a result, the Court finds the named Plaintiff and the Opt-In Plaintiffs have diligently pursued their rights.

Defendant points out that in *Hamm v. Acadia Healthcare Co.*, this Court denied a plaintiff's motion for equitable tolling in an FLSA collective action.[56] However, the present matter is distinguishable from *Hamm*. In that case, the Court found the "policies on which the claim in this suit are based are known to every potential class member."[57] In this case, the Court has found it is likely the potential opt-plaintiffs were not aware of the Defendant's policy or their rights under the FLSA.

**II.     Extraordinary circumstances have prevented potential opt-in plaintiffs from asserting their rights.**

The Court now will address the second element of the equitable tolling analysis, whether extraordinary circumstances have prevented potential opt-in plaintiffs from

---

[53] *Id.* (citing *Shidler v. Alarm Sec. Grp., LLC*, 919 F. Supp. 2d 827, 830 (S.D. Tex. 2012)(granting equitable tolling on basis that the named plaintiff, not potential op-tin plaintiffs, had diligently pursued action in light of promptly moving for conditional certification).
[54] R. Doc. 19.
[55] R. Doc. 33.
[56] R. Doc. 57 at p. 11 (citing *Hamm v. Acadia Healthcare Co.*, No. 20-1515, 2022 WL 2713532, at *5 (E.D. La. July 13, 2022)).
[57] *Hamm v. Acadia Healthcare Co.*, No. 20-1515, 2022 WL 2713532, at *5 (E.D. La. July 13, 2022).

asserting their claims. Courts in this circuit have found that delay in an FLSA collective action certification, particularly post-*Swales*, can constitute an extraordinary circumstance that warrants equitable tolling.[58]

Named Plaintiff argues equitable tolling is justified because "extraordinary circumstances" prevented collective action members from timely filing their claims under the FLSA. These extraordinary circumstances include the lengthy discovery period necessary to determine which crewmembers are similarly situated under *Swales*; the time between named Plaintiff filing his motion to certify and the Court's order certifying the collective; and Defendant's appeal of that order.[59] Because of these delays, named Plaintiff argues that without equitable tolling, certain claimants will "not get the overtime to which they are entitled, through no fault of their own[.]"[60]

Named Plaintiff cites opinions from several courts in this circuit that have tolled the FLSA statute of limitations period due to delays in certification. Named Plaintiff points to *Sehr v. Val Verde Hosp. Corp.*, in which the district court tolled the statute of limitations period from when the parties submitted their stipulation on conditional certification through when the court signed the certification order.[61] The court reasoned that, because "once the decision concerning certification of the collective action was solely in [the Court's] hands, it was beyond the plaintiffs' control and they should not be

---

[58] *See Gomez v. Global Precision Systems*, 636 F.Supp.3d 746, 761 (W.D. Tex. 2022) ("It would be inequitable to require already-identified potential opt-in plaintiffs, as there are in this case, to sit and wait for the *Swales* process to play out before potentially receiving a notice that they are 'similarly situated' to Plaintiffs and therefore have a right to join the lawsuit and thereby toll the statute of limitations."); *Sehr v. Val Verde Hosp. Corp.*, 368 F.Supp.3d 1106, 1109 (W.D. Tex. 2019)( "[O]nce the decision concerning certification of the collective action was solely in [the Court's] hands, it was beyond the plaintiffs' control and they should not be penalized for time spent awaiting a signed order."
[59] R. Doc. 56-1 at p. 4.
[60] *Id.* at p. 6.
[61] 368 F.Supp.3d 1106, 1109 (W.D. Tex. 2019).

penalized for time spent awaiting a signed order."[62] Similarly, named Plaintiff cites *Gomez v. Global Precision Systems*, in which the district court tolled the statute of limitations period from the day named plaintiffs filed a motion to amend their complaint to the day the Court certified the collective action.[63] The court stated that, because the parties cannot file for certification on a conditional basis following *Swales v. KLLM Transp. Servs., L.L.C.*, "[i]t would be inequitable to require already-identified potential opt-in plaintiffs . . . to sit and wait for the *Swales* [certification] process to play out before potentially receiving a notice that they are 'similarly situated' to plaintiffs and therefore have a right to join the lawsuit and thereby toll the statute of limitations."[64] Named Plaintiff argues this Court should adopt the rationale of *Gomez,* as any failure of potential plaintiffs to opt into the collective action, while the parties addressed certification questions under *Swales*, was not their fault.[65] In response, Defendant argues that named Plaintiff complains only of the ordinary delays of routine litigation, and that such delays do not constitutes extraordinary circumstances.[66]

The *Swales* discovery period in this case lasted from September 5, 2024 to May 27, 2025.[67] Named Plaintiff filed his motion to certify the collective action on May 19, 2025; the motion went under submission on June 4, 2025, and the Court did not rule on this motion until October 6, 2025.[68] While the Court ruled on named Plaintiff's motion to certify a collective action as expeditiously as possible, oral argument, supplemental briefing, and supplemental argument resulted in additional delays. Even after the Court

---

[62] *Id.*
[63] 636 F.Supp.3d 746, 760-61 (W.D. Tex. 2022).
[64] *Id.*
[65] R. Doc. 56-1 at p. 6.
[66] R. Doc. 57 at p. pp. 9-10
[67] R. Docs. 11, 13.
[68] R. Doc. 19, 38

granted named Plaintiff's motion, Defendant's unsuccessful appeal of the order further delayed collective action notice being sent out.[69] None of these delays was due to named Plaintiff's lack of diligence. In all, over 8 months passed between the date named Plaintiff filed his motion to certify the collective action and when collective action notice was sent out. The Court finds that it would be inequitable to penalize potential opt-in plaintiffs by denying equitable tolling for this lengthy period.[70] As a result, the Court finds that extraordinary circumstances have prevented potential opt-in plaintiffs from asserting their claims, which justifies tolling the statute of limitations.

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion for Equitable Tolling is **GRANTED**.[71] The FLSA statute of limitations is tolled for the named Plaintiff, plaintiffs that have already opted into the collective action, and all potential opt-in plaintiffs from June 4, 2025 (the day Plaintiff's motion to certify was set for submission).[72]

**New Orleans, Louisiana, this 19th day of February, 2026.**

                                              **SUSIE MORGAN**
                                    **UNITED STATES DISTRICT JUDGE**

---

[69] R. Doc. 56-1 at p. 6.
[70] *See Gomez v. Global Precision Systems*, 636 F.Supp.3d 746, 761 (W.D. Tex. 2022).
[71] R. Doc. 56.
[72] Named Plaintiff requested in his motion that the Court toll the statute of limitations from this day. R. Doc. 56-1 at p. 7.